### ROGERS vs. PARMETTI,

Answers to interrogatories cannot be divided.

APPEAL from the court of the first district.

PÔRTER, J. delivered the opinion of the court.

The plaintiff annexed to his petition an interrogatory, calling on the defendant, to say whether the signatures affixed to the notes, on which the suit was brought, had not been written by him.

The defendant answered they were, but that he had never received any "legal, valuable. or good consideration therefor."

The plaintiff filed an exception to the last part of the answer, on the ground that it was uncalled for by the interrogatory. The court sustained it, and gave judgment for the plaintiff.

The affirmance of this judgment depends on the correctness of the opinion of the court below, directing that part of the answer, which sets up a want of consideration, to be stricken out. We think the judge erred in so deciding. The Civil Code, in express terms, forbids it. *Civil Code,* 314, *art.* 254. Such also appears to have been the ancient law. *Curia Phillipica, p.* 2, *sec.* 4. *Confesion, no.* 3 *Fcbr. lib* 3, *chap.* 1, *sec.* 7, *no.* 285, and in conformity therewith have been the decisions of this court. *2d Martin,* 277. 11, *ibid. Bradford's heirs* vs. *Flower,* 217.

As to the objection drawn from the general terms in which the want of consideration is set up, we think the plaintiff cannot now be benefitted by it. If the answer were not sufficiently definite to enable him to meet and disprove it—he should have filed supplementary interrogatories, and compelled the defendant to make more explicit declaration.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, adjudged, and decreed, that there be judgment for defendant, as in case of a nonsuit, with costs in both courts.

East'n District.
June, 1823.

ROGERS
vs.
PARMETTI.

*Smith* for the plaintiff, *Morse* for the defendant.